IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DAVID L. MITCHELL,

             Plaintiff,

                            CIVIL ACTION
      vs.                      No. 05-3331-SAC

JOHN LANGLEY, et al.,



             Defendants.


DAVID L. MITCHELL,

             Plaintiff,

                            CIVIL ACTION
      vs.                      No. 05-3378-SAC

WICHITA POLICE DEPARTMENT,


             Defendants.


ORDER

    This matter is before the court on two civil rights actions filed pursuant to 42 U.S.C. 1983 by a prisoner in state custody.  Because the actions arise from the same facts, the court consolidates these actions pursuant to Fed. R. Civ. P. 42(a).  Plaintiff proceeds pro se, and the court grants

Dockets.Justia.com

leave to proceed in forma pauperis.[1]

**Background**

Plaintiff filed Case No. 05-3331 on August 3, 2005.  The court directed plaintiff to submit an initial partial filing fee, and plaintiff submitted that fee on August 31, 2005.  In that action, plaintiff sues a production company and a supervising producer, alleging that his image was unlawfully aired following a July 2003 incident in Wichita, Kansas, which was filmed by "Cops" television show.  He also alleges he signed a release form under duress at the police station after being badgered by a police officer and a reporter.  He seeks monetary damages.

Plaintiff filed Case No. 05-3378 on September 21, 2005.

---

[1]

Plaintiff is advised that he remains obligated to pay the balance of the statutory filing fee of $250.00 in this consolidated action.  The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.  Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

2

In that action, he names the Wichita Police Department and
Officer Javier Guete as defendants.  In that action, he
alleges that during the July 2003 incident, Officer Guete used
unsanitized gloves to search plaintiff's mouth after conduct-
ing a search of his vehicle; that the defendant used a
flashlight to hold plaintiff's mouth open, causing damage to
two teeth; and that the officer lied about the reason for the
stop.  Plaintiff again alleges that he signed a document under
duress after being held in a small room and handcuffed to a
bench for two to three hours.  Finally, he alleges the
defendant badgered him to sign a document so that the defen-
dant could be on television.

## Discussion

Section 42 U.S.C. 1983 does not contain a limitation
period, and therefore, the courts have applied limitations
periods governing personal injury claims under state law. See
Hardin v. Straub, 490 U.S. 536, 538 (1989)(describing practice
of applying state law limitation period to fill gaps in
federal civil rights statutes); Hamilton v. City of Overland
Park, 730 F.2d 613, 614 (10th Cir. 1984)(same; applying Kansas
law) and Garcia v. Wilson, 731 F.2d 640, 651 (10th Cir.
1984)(en banc)(determining that claims under section 1983

should be treated as actions for injury to the rights of another).  In Kansas, an action alleging personal injury must be brought within two years after a cause of action accrues. Kan. Stat. Ann. 60-513(a)(4).  A civil rights action accrues when the "facts that would support a cause of action are or should be apparent." Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995) (quotations omitted).

Here, the events of which plaintiff complains, namely, the alleged injuries incident to the search and the allegedly coercive setting in which he apparently signed a release, occurred in July 2003.  It appears from the record that the facts upon which plaintiff bases his claims were apparent at that time, and the court finds the cause of action accrued in July 2003.  Because petitioner failed to file the claims within the two year limitations period applicable to federal civil rights actions brought in the District of Kansas, the court concludes this consolidated action must be dismissed as untimely.

IT IS, THEREFORE, BY THE COURT ORDERED these matters are consolidated pursuant to Fed. R. Civ. P. 42(a).

IT IS FURTHER ORDERED plaintiff's motions for leave to proceed in forma pauperis (Case No. 05-3331, Doc. 2 and Case

4

No. 05-3378, Doc. 2) are granted.  Collection action shall continue pursuant to 28 U.S.C. 1915(b)(2) until plaintiff satisfies the balance of the $250.00 filing fee.

IT IS FURTHER ORDERED this matter is dismissed due to plaintiff's failure to present his claims within the limitation period of two years.

Copies of this order shall be transmitted to the plaintiff and to the Finance Officer of the facility where he is housed.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 29th day of September, 2005.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge

5